IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, an individual, and JANE DOE II a minor by and through her parent and guardian, JANE DOE, | Civil Division |
| Plaintiff, | No.   23-1422 |
| v. | |
| SELECT SPECIALTY HOSPITAL—PITTSBURGH/UPMC, INC. and TATIA FIRESTONE, an adult individual, | |
| Defendant. | |

**PLAINTIFFS' MOTION FOR LEAVE TO PROCEED IN PSEUDONYM**

Plaintiffs, through their counsel HKM Employment Attorneys LLP, hereby move this Court to permit them to proceed in pseudonym in this action.

This Motion is based on the following points and authorities:

1. Plaintiffs filed a Complaint using pseudonyms in good faith to avoid humiliation, embarrassment, additional psychological harm, and disruption or interference with potential criminal charges. Plaintiffs' identities are already known by Defendants.

2. Jane Doe, individually and as the parent and natural guardian of Jane Doe II, seeks to keep the sexual abuse Jane Doe II suffered confidential. Jane Doe and Jane Doe II fear that disclosure of Jane Doe II's identity will cause her to suffer further unnecessary emotional trauma and expose her to public embarrassment and ridicule.

3. Federal Rule of Civil Procedure 10(a) requires generally that all parties to a lawsuit be identified by name. *See* Fed. R. Civ. P. 10(a) ("In the complaint the title of the action shall include the names of all parties..").

4. Courts, however, frequently exercise discretion and permit parties to proceed under a pseudonym when the circumstances justify anonymity. *See, e.g.*, Doe v. Evans, 202 F.R.D. 173 (E.D. Pa. 2001) (granting motion to proceed in pseudonym where the plaintiff demonstrated that her interest in privacy and security outweighed the public's interest in disclosure); Doe v. Ward, 124 F.Supp.2d 900 (W.D. Pa. 2000) (allowing a sex offender challenging Megan's Law to be identified only by pseudonym); Doe v. Provident Life and Accident Ins. Co., 176 F.R.D. 464 (E.D. Pa. 1997) (granting a motion to proceed in pseudonym where the plaintiff's interest in confidentiality outweighed the public interest in disclosure, especially when no prejudice to the defendant was present); Doe v. Sparks, 733 F. Supp. 227, 228 (W.D. Pa. 1990) (permitting an adult lesbian inmate to proceed by pseudonym "so as not to unduly expose the plaintiff's identity"). *See also, e.g.*, Doe v. Porter, 370 F.3d 558, 560-61 (6th Cir. 2004) (upholding the district court's grant of a protective order allowing the plaintiff to litigate anonymously, citing the plaintiff's strong interest in keeping religious beliefs confidential); Doe v. Harlan County Sch. Dist., 96 F.Supp.2d 667, 671 (E.D. Ky. 2000) (granting motion to remain anonymous and citing supporting factors such as the religious nature of the issues involved, that plaintiffs only sought injunctive relief and not "individual damages," and concern about social stigmatization that might occur if the identities of the plaintiff were revealed).

5. When determining whether a plaintiff should be permitted to proceed in pseudonym, the court must balance the presumption of openness in judicial proceedings with a plaintiff's privacy rights. *See* Doe v. Provident Life, 176 F.R.D. at 467. Court generally have cited several factors relevant to making this determination, including: "(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest

in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives." Id. at 467-68.

6. Plaintiffs have taken considerable steps to protect their identities and ensure that their names are not released to the public or even to members of their community at large. *Cf.* Doe v. Evans, 202 F.R.D. at 176-77 (granting motion to file under pseudonym where alleged sexual assault victim had attempted to keep her identity confidential by not disclosing the alleged sexual assault even to her family and friends).

7. No one can seriously dispute the substantiality of Plaintiffs' fear of disclosure of their identities. Proceeding in pseudonym will protect Plaintiffs from possible severe emotional harm.

8. In Doe v. Provident Life, 176 F.R.D. at 468, the U.S. District Court for the Eastern District of Pennsylvania found that the plaintiff's fear that his friends and business associates would discover his mental illness if his identity was disclosed during litigation to be substantial because the plaintiff would suffer irreparable harm and be "stigmatized in [his] community." As such, the court allowed the plaintiff to file his employment discrimination lawsuit under pseudonym. *See* Id. at 470.

9. The irreparable harm possible here is at least as great as, if not greater than, the social and professional stigma the plaintiff faced in Doe v. Provident Life. Survivors of sexual assault face shame, embarrassment, isolation, and judgment from the public.

10. The use of pseudonyms by Plaintiffs will neither hinder not interfere with the public's ability to follow and understand the legal issues. *See* Doe v. Evans, 202 F.R.D. at 176 ("[A]lthough the public…has an interest in the [issues of the case], protecting [plaintiff's] identity will not impede the public's ability to follow the proceedings"). As such, the public has a minimal interest in learning the identity of specific individuals, who are not public figures, initiating this litigation.

11. If this Motion is denied, Plaintiffs will be forced to weigh their strong interest in privacy during their recovery from the sexual abuse of a minor against their need for judicial relief. Plaintiffs should not be forced into this choice. Abandonment of the litigation by Plaintiffs solely because Plaintiffs may be publicly identified would be unjust. The public has an interest in seeing the country's laws upheld and Constitutional rights protected. Moreover, it has a "strong interest in protecting the privacy rights of plaintiffs in controversial cases so that these plaintiffs are not discourages from asserting their claims." Doe v. Provident Life, 176 F.R.D. at 467.

12. Finally, Plaintiffs have no ulterior motives in pursuing their claims. In Doe v. Provident Life, the court found no ulterior motive existed when no evidence showed that the plaintiff impaired the "defendant's ability to defend himself [or delayed] the litigation…" Doe v. Provident Life, 176 F.R.D. at 469. Allowing Plaintiffs to proceed in pseudonym will not impair the Defendants' ability to defend this action. In fact, the Defendants are aware of who Plaintiffs are based on the EEOC action. In any event, Plaintiffs do not object to Defendants knowing their identities; they only object to their names and other identifying information being made public. Moreover, proceeding in pseudonym will in no way delay these proceedings. In sum, the Defendants will suffer zero prejudice if this Court grants Plaintiffs' Motion.

13. Plaintiffs are serving this Motion on Defendants along with a copy of their complaint by electronic mail. In the letter therewith, Plaintiffs have inquired whether Defendants are willing to consent to this Motion. If and when Defendants consent to Plaintiffs proceeding in pseudonym, Plaintiffs will notify this Court.

14. Once this Motion is granted, Plaintiffs will work with Defendants to prepare an appropriate confidentiality/protective order, which they will then submit to this Court for its approval.

WHEREFORE, for the foregoing reasons, Plaintiffs' Motion to Proceed in Pseudonym should be granted.

Date:   August 8, 2023                             Respectfully Submitted,

*/s/ Stephanie L. Solomon*
Stephanie L. Solomon, Esquire
Pa. I.D. 208056
Amy E. Mathieu, Esquire
Pa. I.D. 323093
HKM EMPLOYMENT ATTORNEYS LLP
220 Grant Street
Suite 401
Pittsburgh, PA  15219
412.760.7802
ssolomon@hkm.com
amathieu@hkm.com